IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| The Estate of HANAMAN LEWIS, Deceased, By and Through His Personal Representative, HANAMAN LEWIS, JR. *(appointment pending)* <br>     Plaintiff, <br><br> v. <br><br> REFLECTIONS LANDSCAPE MAINTENANCE, INC. d/b/a PALM ATLANTIC LANDSCAPE MAINTENANCE <br>     Defendant. | Civil Case No.: |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Hanaman Lewis, Deceased, by and through His Personal Representative (*appointment pending*), Hanaman Lewis Jr., (hereinafter "Plaintiff" or "Lewis") and files his Complaint against Defendant Reflections Landscape Maintenance, Inc. d/b/a Palm Atlantic Landscape Maintenance (hereinafter "Defendant" or "Palm Atlantic") and in support states the following:

**NATURE OF THE CLAIMS**

1.  This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA").

2.  This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Lewis, was a citizen of the United States, and was at all times relevant, a citizen of the State of Florida, residing in Broward County, Florida.

7. Defendant, Palm Atlantic, is a Florida Limited Liability Company with its principal place of business in Deerfield Beach, Florida.

8. Defendant is a covered employer under the ADA.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On October 15, 2018 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On August 21, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. A Tolling Agreement was entered by the Plaintiff and Defendant on November 18, 2020, wherein the Parties agreed to waive Plaintiff's right to claim that this litigation should not be dismissed due the expiration of the statute of limitations. The parties have a dispute regarding Plaintiff's termination of employment from Defendant as outlined in Plaintiff's Demand Letter of August 31, 2018 and the Charge of Discrimination. The parties agreed to preserve their respective rights, claims, counterclaims, positions, and defenses while avoiding controversy at the time and to defer legal action or litigation at the time of executing the Tolling Agreement. The Tolling Agreement is set to expire on January 10, 2021.

14. This complaint has been filed within the time of the Tolling Agreement before it is set to expire.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as a Supervisor.

16. Plaintiff also was a tenant in a rental property owned by the owners of Defendant, Regina and Robert Bollon.

17. Regina and Robert Bollon deducted Plaintiff's rent payment directly from his paychecks from Defendant.

18. Plaintiff was a disabled male.

19. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20. Defendant was on notice of Plaintiff's disability.

21. Around June 2018, Plaintiff was diagnosed with Stage Four Throat Cancer. Plaintiff requested a brief medical leave of absence to seek treatment and recover.

22. Plaintiff requested a reasonable accommodation of about six to eight weeks of medical leave.

23. Defendant initially approved Plaintiff's leave.

24. During Plaintiff's leave he was in communication with Defendant about his medical status and return to work.

25. While on Plaintiff's leave, Defendant's owner, Robert Bollon, repeatedly harassed Plaintiff about his rent payments.

26. On or about August 19, 2018, due to his disability and without further engaging in the interactive process with Plaintiff, Defendant terminated Plaintiff's employment.

27. Defendant cited that Plaintiff was terminated for failing to make rent payment, despite this landlord/tenant related issues having no connection to Plaintiff's job status or reasonableness of his request of accommodation.

28. Plaintiff has been damaged by Defendant's illegal conduct.

29. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Based Discrimination in Violation of the ADA

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

32. Plaintiff was able to perform the essential functions of his job at the time of his termination.

33. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

34. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

37. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

38. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

40. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

41. Defendant was aware of Plaintiff's disability.

42. Defendant failed to accommodate Plaintiff's disability.

43. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

44. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

45. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Retaliation in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

47. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

48. Defendant's conduct violates the ADA.

49. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No. 99040
**SPIELBERGER LAW GROUP**
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Facsimile: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Attorneys for Plaintiff*